In the Matter of the Application of the Prospect Park and Coney Island Railroad Company to Acquire Title to Lands.

An order refusing to set aside, on the ground of their misconduct, the report of commissioners appointed under the General Railroad Act (Chap. 140, Laws of 1850, as amended by chap. 282, Laws of 1854), to appraise damages for lands taken for railroad purposes, where the evidence of the alleged misconduct was conflicting and does not clearly establish it, is not reviewable by this court.

So also an order denying an application of the land-owner to have the report sent back to the commissioners, with directions that they state the grounds of their decision, is one resting in the discretion of the court, and is not reviewable here.

Where the Supreme Court orders a new report, and the new report neither increases nor diminishes the amount awarded by the first, it is not necessary that it should be presented to the court for confirmation, it is of itself final and conclusive. An order of confirmation is, therefore, nugatory.

It seems that the report of such commissioners can in no case be brought to this court for review either by appeal or certiorari; the determination of the Supreme Court is final and conclusive.

The construction of said act making the second report final and conclusive does not render the act unconstitutional as depriving the Supreme Court of its constitutional jurisdiction or denying to the land-owner due process of law; commissioners are the tribunal provided by the Constitution in such cases. (State Const., art. 1, § 7.)

(Argued May 31, 1881 ; decided June 14, 1881.)

These were appeals by land-owners from orders of the General Term of the Supreme Court, in the first judicial department, made February 15, 1881, which affirmed certain Special Term orders, the substance of which with the material facts are set forth in the opinion. (Reported below, as to one of the appeals, 24 Hun, 199.)

*Benj. G. Hitchings and A. J. Vanderpoel* for appellants. The order affirming order denying motion to set aside report is appealable under section 90, subdivision 3, of the Code. (Code, tit. 5, chap. 12, §§ 1356, 1357, 1358.) The order appealed from is a final order within the meaning of the Code.

(*Matter of R. & S. R. R. Co.*, 43 N. Y. 137; *S. C.*, 55 id. 145; *Matter of B. & A. R. R. Co.*, 53 id. 573; *Matter of Janner*, 78 id. 601; *Bergen* v. *Carman*, 79 id. 146; *Matter of Elevated R. R.*, 78 id. 383; *Com'rs of Washington Park*, 56 id. 144; *N. Y. C. R. R.*, 49 id. 414; *Long Island R. R.*, 45 id. 364; *City of Buffalo*, 64 id. 547; *People* v. *Pinkerton*, 77 id. 245; *Matter of L. & B. R. R.*, id 557; *Boston & C. R. R.*, 79 id. 64–69; *Freeholders of Irondequoit*, 68 id. 377; *Freeholders of Cattaraugus*, 59 id. 316; *Military Parade Ground*, 60 id. 319; *Matter of Rochester Com'rs*, 66 id. 413.) The application to set aside the report was a remedy or " prosecution of a right" under the definition of the Code and the order upon it, therefore, appealable. (Code, §§ 3333, 3334; *Belknap* v. *Waters*, 1 Kern. 478; *Ludlow* v. *Knox*, 7 Abb. [N. S.] 411; *Erie R. R.* v. *Ramsay*, 45 N. Y. 637; *Brinkley* v. *Brinkley*, 47 id. 40; *Sixth Ave. R. R.* v. *Gilbert El. R.*, 71 id. 434.) In this case the order was not discretionary. (*Matter of Mayor, etc.*, 49 N. Y. 150; *Matter of N. Y. Central*, 64 id. 60.) Discretionary orders are appealable where the discretion is improperly exercised or withheld. (*People ex rel. Gas-light Co.*, 78 N. Y. 57; *City of Buffalo*, 64 id. 547; *Tripp* v. *Cook*, 26 Wend. 143; *Howell* v. *Mills*, 53 N. Y. 322; *Fisher* v. *Hepburn*, 48 id. 41; *Watertown Bk.* v. *Mix*, 51 id. 558.) The order of General Term, affirming the order confirming the report, and the orders denying the motions to set it aside and to send it back, brought up for review under it, is appealable to this court. (Code, § 190, subd. 3; Code, §§ 1356, 1357, 1358, 1361; *Matter of Central Park*, 61 Barb. 45, 46; *King's Bridge Road*, 4 Hun, 599, 601, 602; *R. & S. R. R. Co.*, 43 N. Y. 137; 55 id. 145; *Matter of Townsend*, 39 id. 171; *Rochester Water-Works*, 66 id. 413; *Bloomfield, etc., Gas Co.*, 62 id. 386; *Long Island R. R.*, 45 id. 364; *R. & A. R. R. Co.*, 53 id. 575; *L. & B. R. R.*, 77 id. 557–632; *B., etc., R. R.*, 79 id. 64; *N. Y. C.*, 49 id. 414; 77 id. 249.) Orders of confirmation in proceedings under the railroad act are appealable. (*In re Townsend*, 39 N. Y. 171; *Bloomfield Gas Co.*, 62

id. 386; *Rochester Water-Works*, 66 id. 413.) So also are other orders in railroad proceedings where substantial rights are involved. (*R. & S. R. R.*, 43 N. Y. 137; 55 id. 145; *B. & A. R. R.*, 53 id. 574; *Canal & Walker Sts.*, 2 Kern. 411; *Kings Co. El. R. R.*, 78 N. Y. 383; *Matter of Ryers*, 72 id. 4; *Lockport & B. R. R.*, 77 id. 557; *Long Island R. R.*, 45 id. 364.) The motion to set aside the report should have been granted; under the facts and circumstances of the case it was a substantial right. (*Matter of N. Y. C. & H. R. R. R.*, 64 N. Y. 60; *S. C.*, 5 Hun, 105; *Matter of Mayor, etc.*, 49 N. Y. 150; *S. C.*, 42 How. Pr. 220.) The declaration of the statute that the report shall be final did not preclude the court from setting it aside upon motion. (*Matter of Mayor*, 49 N. Y. 150; *Matter of N. Y. C.*, 64 id. 60.) The motion to send the report back or set it aside should have been granted. (*Matter of Boston, etc., R. R.*, 22 Hun, 177; *Matter of Commissioners*, 61 Barb. 42; *Matter of City of Brooklyn*, 73 N. Y. 186; *Potter* v. *Carpenter*, 71 id. 74; *Quincey* v. *Young*, 53 id. 504; *Biglen* v. *Pinkney*, 80 id. 636; *In re Flatbush Ave.*, 1 Barb. 286; *Matter of Central Park*, 51 id. 277, 355; *Matter of Commissioners*, 61 id. 42; *Van Slyke* v. *Hyatt*, 46 id. 259; *Matter of John and Cherry Sts.*, 19 Wend. 660, 678; *In re N. Y. C.*, 6 Hun, 149; *Meacham* v. *Burke*, 54 N. Y. 220; *Matter of William and Anthony Sts.*, 19 Wend. 678, 698; *Matter of Pearl St.*, id. 651, 656; *Boston & H. T. R. R.*, 22 Hun, 177.) The words of the statute that the second report shall be final and conclusive do not divest the Superior Courts of jurisdiction over it, or take away the right of review. (*Rex* v. *Morly*, 2 Burrows, 1040; *Smith* v. *Commissioners*, 2 Mod. 45; *Keigly's Case*, 10 Coke, 138 and note; *Rex* v. *Commissioners*, 2 Keble, 83; 2 Hawkins' Book, chap. 27, § 23; 1 Ld. Raymond, 580; *King* v. *Jukes*, 8 T. R. 542; *Matter of Canal and Walker Sts.*, 2 Kern. 412; *Lawton* v. *Commissioners of Highways*, 2 Cai. 182; *Matter of Bradhurst*, 16 Johns. 13; *Ex parte Heath*, 3 Hill, 51, 52; *People* v. *Freeman*, 3 Lans. 149; *Le Roy* v. *Mayor*, 2 Johns. 430; *Ex parte Mayor*, 23 Wend. 287; *Mat-*

*ter of Kingsbridge Road*, 4 Hun, 601; *People* v. *Canal Board*, 7 Lans. 222.) "Due process of law" means the same as "law of the land," and implies that regular course of judicial proceedings in practice when the Constitution was framed. (Pomeroy on Const. Law, §§ 246, 248, 250; Cooley on Const. Lim., chap. 11, p. 351, and note; *Taylor* v. *Porter*, 4 Hill, 140; *Hickock* v. *Scribner*, 3 Johns. Cas. 315; *Stuart* v. *Palmer*, 74 N. Y. 191; *Westervelt* v. *Gregg*, 12 id. 209; *Matter of N. Y. C.*, 64 id. 60.) The provision that the report shall be final is unconstitutional and void, because it abridges and curtails the established jurisdiction of the Supreme Court over such inferior tribunals. (*De Hart* v. *Hatch*, 3 Hun, 375; *Alexander* v. *Bennett*, 60 N. Y. 204; *Matter of Nichols*, 79 id. 82.)

*John H. Bergen* for respondents. The general railroad act does not give the court power to set aside the report of commissioners, upon motion, and it is only on appeal from the report that a new appraisal may be ordered and commissioners appointed under the statute. (*Albany & N. R. R.* v. *Crane*, 7 How. Pr. 164; *N. Y. & E. Ry.* v. *Corey*, 5 id. 177; *N. Y. & E. Ry.* v. *Coburn*, 6 id. 223; *Rochester & S. R. R.* v. *Budlong*, id. 467; *Rochester, etc.*, v. *Beckwith*, 10 id. 169.) The Supreme Court has the same power to vacate the report in this case for misconduct as it would have to set aside the verdict of a jury or the report of a referee. (*Matter of the N. Y. C. R. R. Co.*, 64 N. Y. 60.) This being the second report in this case, the statute (§ 18, General Railroad Law) makes it final and conclusive upon all parties. (*McAllister* v. *The Albion P. R. Co.*, 10 N. Y. 353; *The People, ex rel. S. & N. H. R. R. Co.*, v. *Betts*, 55 id. 600; *In re N. Y. C. R. R. Co.* v. *Marvin*, 1 Kern. 276.) The order of the General Term is not appealable to this court. (*Gray* v. *Fisk*, 53 N. Y. 630; *Livermore et al.* v. *Bainbridge*, 56 id. 72; *Matter of N. Y. C. R. R. Co.*, 64 id. 60.) The question as to whether the damages awarded by the commissioners were awarded upon proper grounds, or were sufficient, was not open upon this motion. (*Matter of N. Y. C. R. R. Co.*, 64 N. Y. 60.)

Earl, J. This is a proceeding under the General Railroad Act (Chap. 140 of the Laws of 1850, as amended by the act chap. 282 of the Laws of 1854), to acquire title to land in Gravesend avenue, on Long Island, for the purposes of the Prospect Park and Coney Island Railroad Company. Commissioners of appraisal were appointed, and after hearing the parties they made their report, awarding to the owners each $1 as compensation for the lands taken. That report was confirmed at Special Term; but, upon appeal to the General Term of the Supreme Court, the order of confirmation was reversed and the report was set aside and new commissioners appointed, who were ordered to make a new appraisal. It appears from the opinion of the General Term then pronounced that it set aside the report of the commissioners on the ground that they had awarded but nominal damages, when the land-owners appeared from the case as then presented to be entitled to more substantial damages.

A hearing was had before the new commissioners, and they made their report, which again awarded to the land-owners nominal damages, $1 each for lands taken. The land-owners then made a motion at Special Term to set aside and vacate such report on the ground that it was in violation of and in conflict with the opinion and decision of the General Term upon the prior appeal, and for gross error and misconduct, and the notice of motion also asked for the appointment of new commissioners. That motion was opposed by the railroad company upon affidavits, and was denied.

The company then made a motion at Special Term for confirmation of the report of the commissioners, and it was confirmed; and at the same time the land-owners made a motion that the report be sent back to the commissioners, with directions that they should state the grounds of their decision and the rule of law adopted by them in making the same, and the motion was opposed upon affidavits on the part of the railroad company, and was denied.

The land-owners then appealed from the three orders of the Special Term above mentioned to the General Term, and there

they were all affirmed, and then they appealed from the orders of affirmance to this court.

The point is made that these orders are not appealable to this court, and we are of that opinion. The order made at Special Term refusing to set aside the report of the commissioners on the ground of their misconduct was one resting in the discretion of the Supreme Court, and is not reviewable here. (*In the Matter of the N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 60.) It was not shown that there was any irregularity, fraud or mistake in the proceedings of the commissioners which would entitle the land-owners to the order upon principles laid down in the *Matter of the application of the Mayor, etc., of N. Y.* (49 N. Y. 150). The sole ground upon which the land-owners now seek to establish their right to the order is that the commissioners in awarding nominal damages did not follow the decision of the General Term. We cannot say that they did not. They viewed the premises, and with the prior decision of the General Term before them, heard all the evidence, which was very conflicting as to value of the lands taken, and we cannot say that there was no justification whatever for the amount awarded by them. The General Term did not find that they had failed to follow the law as laid down by it. Upon the appeal of this order to the General Term, GILBERT, J., said : "The papers before us show no room for imputing any misconduct to the commissioners, unless the fact that they awarded nominal damages only be evidence thereof. A few remarks will dispose of that question. The land of Sheehy had been taken for Gravesend avenue, and compensation for the land so taken had been made by applying the awards, therefor, in payment of an assessment imposed upon Sheehy's adjoining lands for the purpose, among others, of paying for the land taken for the avenue. That was a hard mode of compensation, but it was lawful, and therefore just as effectual as a payment of money. The taking of property in the case before us consisted of the addition of the use of a part of Gravesend avenue, for railroad purposes. In many cases of such a taking, an owner would

be amply compensated for such additional use by nominal damages, and we see no reason to doubt that the commissioners properly applied that measure of compensation in this case. With respect to the depreciation of Sheehy's adjoining property, the evidence as to the cause thereof was very conflicting. We cannot say, as a legal proposition, that a conclusion that such depreciation is not attributable to the railroad is unwarranted by the evidence." Dykman, J., the other judge sitting at General Term, expressed the opinion that the commissioners, in not awarding substantial damages, had disregarded the prior decision of the General Term, but concurred in the order of affirmance, on the ground that the whole question could be presented in a more satisfactory manner by appeal from the order confirming the report. Afterward, upon the appeal from the order confirming the report to the General Term composed of the same judges, Dykman, J., writing the opinion of the court, said: "The only complaint here is that the measure of damages adopted by the commissioners was improper. This position cannot be assumed, and it has no evidence for its support. On the contrary, it must be assumed that the commissioners were made aware of the decision of this court on that question, and that such decision was a law unto them, and that under such rule they have found, after examination and investigation, as a fact that there results no damage to the land-owner. Over this question we have no control." It, therefore, appears that the Supreme Court was not satisfied that any misconduct had been committed by the commissioners refusing to follow the law as that court had laid it down, or otherwise, and its determination is not subject to review here.

The order, denying the motion of the land-owner to have the report sent back to the commissioners with directions to them to state the grounds of their decision, was one resting in the discretion of the Supreme Court. It was at most mere matter of practice. The report contained all that the statute requires, and, even if the court could have properly granted

the motion, the land-owners had no absolute right to have it granted.

We are now brought to the main appeal — that from the order confirming the report of the commissioners. The act of 1850 provides, in section 17, that the report of the commissioners shall, upon notice to all the parties interested, be presented to the court for confirmation, and that the court shall confirm the same. And then it is provided in section 18 that either party may appeal to the Supreme Court from the report and appraisal of the commissioners, and that the court, upon such appeal, may order a new appraisal before the same, or new commissioners, and that the second report "shall be final and conclusive." If the second report does not increase or diminish the amount awarded by the first report, it need not be presented to the court for confirmation or any further action. If it increases or diminishes the amount awarded by the first report, then the further action of the court is needed, not for the confirmation of the report, but for the purpose of regulating the difference between the awards by the first and second reports.

This was a second report, and the amount awarded to each land-owner was the same as by the first report. The order of confirmation at the Special Term was, therefore, entirely useless and harmless, and nugatory as well; and so the order of the General Term, affirming that of the Special Term, so far as I can perceive, served no purpose, and decided nothing. The appeal to the General Term brought there no question for review. The report of the commissioners, as to the amount of damages, was of itself final and conclusive. If the land-owners, in such a case, claim that there was any irregularity, fraud or mistake in the proceedings of the commissioners, or back of such proceedings, their remedy is by motion to set the award and proceedings aside, and not by appeal from the award, or the order confirming the same; and, from orders made upon such motions, appeals may be had, even to this court, if they involved substantial rights, and do not rest in discretion.

But if we assume that, by this appeal, the report and award

of the commissioners are brought before us, yet we are of opinion that there is nothing for us to review. The commissioners are to determine the amount of compensation to be made to the owners of land taken, and in making such a determination, they must decide all the questions involved. They may err in their judgment and yet the statute makes a second report "final and conclusive." That cannot be reviewed by appeal or *certiorari*. Here the first commissioners, after hearing the evidence and viewing the lands, awarded one dollar to each of the land-owners. The Supreme Court, upon appeal to it, thought that the amount awarded was not large enough and ordered the new appraisal. The new commissioners heard the parties and the evidence, viewed the premises, and had before them for their guidance the law as laid down by the General Term, and they again determined that the land-owners were entitled to but nominal damages. They may have erred in their judgment, but the law gives no other tribunal the right or power to correct the error, if one was committed. In the *Matter of the New York Central Railroad Company* v. *Marvin* (11 N. Y. 276), the report of the commissioners appointed under the act of 1850 was confirmed by the Special Term, and, upon appeal, by the General Term of the Supreme Court. The land-owners then appealed to this court, and although the report then in question was a first report, it was held that there could be no appeal to this court, and the appeal was, upon motion, dismissed. PARKER, J., said : " I think it was the intention of the legislature to prescribe, in the Railroad Act, an entire system for ascertaining the value of the lands taken. It contains no express provision authorizing an appeal. It gives to the Supreme Court the power of granting a rehearing but once, and by declaring the second report " final and conclusive," it not only precludes any further action on the part of the Supreme Court, but cuts off also any appeal from such second report to this court. This restriction is, I think, evidence of a design to limit the extent to which litigation should be permitted on a mere question of appraising the value of

land, and to confine it to the several steps and hearings expressly permitted by the act." In the *People ex rel. The Schuylerville and Upper Hudson Railroad Company* v. *Betts* (55 N. Y. 600), there was an attempt to review, by common-law *certiorari*, the second report made by commissioners of appraisal appointed under the act of 1850, and it was there held that the second report was final and conclusive, and could not be reviewed by appeal or common-law *certiorari*. In the *Matter of D. & H. C. Co.* (69 N. Y. 209), in a case where a first report of commissioners was under consideration, ALLEN, J., said : " The original act authorizing the formation of railroad corporations (Chap. 140 of the Laws of 1850) creates a system complete in itself for the acquisition of land for the purposes of railroads and the appraisal of damages to the owners of lands taken ; and by section 18, the determination and judgment of the Supreme Court, upon an appeal from the appraisers, is made final and conclusive, as that statute has been interpreted, and no appeal lies to this court." All the reasons given for these decisions may not be satisfactory, and yet there can be no mistake as to what the cases decide, and that is that the report of the commissioners can in no case be brought to this court by appeal or *certiorari* for review. We think they carry out the plain purpose of the statute and should be adhered to. It is claimed that the construction thus given to the statute overlooks section 5 of chapter 282 of the Laws of 1854, which provides as follows : " In all cases of appraisal under this act, and the act hereby amended, where the mode or manner of conducting all or any of the proceedings to the appraisal and the proceedings consequent thereon are not expressly provided for by the statute, the courts before whom such proceedings may be pending shall have the power to make all the necessary orders and give the proper directions to carry into effect the object of this and the aforesaid act ; and the practice in such cases shall conform as nearly as possible to the ordinary practice in such courts." This section was intended only to regulate the practice, and to empower the court to make all the necessary orders to carry into effect the object and purpose of

the two acts, not to thwart them by allowing more review, and more appeals than the act provides for.

It is further claimed that the construction which holds the second report of the commissioners final and conclusive renders the act of 1850 in that respect unconstitutional, because it deprives the Supreme Court of its constitutional jurisdiction, and denies to the land-owner due process of law. A decisive answer to this is that the commissioners are the tribunal provided by the Constitution to ascertain the compensation to be made to land-owners in such cases. (Constitution, art. 1, § 7.) The compensation is to be ascertained by a jury or by commissioners appointed by a court of record. When commissioners have been appointed, no other tribunal can ascertain the amount of compensation or increase or diminish the amount which may be awarded by them. The whole question is submittted to them. Without any violation of the Constitution, the legislature could have made the first report final and conclusive, and that would have been the very "process of law" provided by the Constitution. The commissioners may err like any other tribunal of final resort, and for such error there is no remedy. If their proceedings are fraudulent, illegal or irregular, they may undoubtedly be set aside, or they may be reviewed upon the first appeal authorized. Here the only allegation made is that the compensation awarded is merely nominal when it should have been substantial. No fraud is alleged and no irregularity, and no other illegality is claimed. We do not know that the amount awarded is not all the damages which the commissioners found the land-owners suffered. They proceeded regularly, heard the parties and their evidence, viewed the premises and made their decision. The law says such decision shall be final, and that ends it.

The appeals must be dismissed, but without costs of appeal to this court.

All concur, except Folger, Ch. J., absent.

Appeals dismissed.