---

IN THE MATTER OF THE APPLICATION OF THE SOUTHERN BOULEVARD RAILROAD COMPANY TO ACQUIRE THE RIGHT TO CONSTRUCT AND OPERATE ITS ROAD UPON THAT PART OF THE SOUTHERN BOULEVARD, IN THE CITY OF NEW YORK, WHICH FORMERLY BELONGED TO PAUL SPOFFORD, DECEASED.

*Conditions under which land is taken for a highway — cannot be done away with by the legislature to the prejudice of adjoining owners, without compensating them.*

By chapter 290 of 1867 the legislature authorized the towns of Morrisania and West Farms to widen, make and extend a highway in said towns, to be called the Southern Boulevard; and further provided that, "except for the purpose of crossing the same, no railway or tram-way shall be laid or constructed thereon, or upon any part thereof, by any persons or corporations whatsoever, without a special act of the legislature of this State for that purpose first had and obtained;" and further provided, that in case such special act should be passed the right should exist in the several owners of land which should be taken for the road, to claim and recover from the person or corporation obtaining authority to construct such railway the full value of all the land taken, to the same extent as if no such road had ever been laid out on said land.  Subsequently, by chapter 723 of 1887, the legislature authorized a railroad to be constructed upon this boulevard.

In procedings taken by said railroad company to acquire the right to lay and operate its road upon the said boulevard, commissioners were appointed, who awarded only nominal damages to the owners.

*Held*, that the legislature, having authorized the taking of the land for public use, upon certain conditions, could not abolish those conditions and treat the prop-

erty as though no such conditions had been attached to its condemnation when first taken.

That such conditions constituted a contract between the owners and the people, which the legislature had no right to abrogate.

APPEAL by Paul N. Spofford and Joseph L. Spofford, individually and as surviving executors and trustees under the last will and testament of Paul Spofford, deceased, Edward Clarence Spofford and others, from the appraisal and report of the commissioners of appraisal, made in the above-entitled matter and filed with the clerk of the county of New York on the 14th day of May, 1890; and also from an order of the Supreme Court, made at Special Term confirming the said report, which order was entered in said clerk's office on the 15th day of May, 1890.

*W. P. Williams*, for Paul N. Spofford and another, appellants.

*John N. Lewis*, for the petitioner, respondent.

VAN BRUNT, P. J.:

In 1867 the legislature passed an act (chap. 290), to authorize the towns of Morrisania and West Farms to widen, make, extend and improve a highway in said towns to be called the Southern boulevard, and by the act commissioners were appointed with power to perform the several acts and duties therein prescribed. Amongst other things it was provided in said act as follows:

Section 24. Said road when constructed shall be kept and maintained for the public use as an avenue and boulevard, and except for the purpose of crossing the same no railway or tramway shall be laid or constructed thereon, or upon any part thereof, by any persons or corporations whatsoever, without a special act of the legislature of this State for that purpose first had and obtained; and in case the legislature of this State shall, at any future time, grant to any person or corporation the right to construct any rail or tramway upon said road or any part thereof, nothing in this act contained shall be construed to affect or cut off the rights of the several owners of lands, which shall be taken for laying out the road hereby authorized, to claim and recover from such person or corporation the full value of all the land taken from such owner or owners for the road hereby authorized to be constructed, to the same extent as if no

such road had ever been laid out on said lands, and without any deduction for any supposed benefit to said lands to arise from the construction of such rail or tramway."

The proposed boulevard was laid out pursuant to the authority of that act, and commissioners of estimate and assessment were appointed for the assessment of damage and benefit, whose report was duly confirmed and the said boulevard duly opened. In the year 1887 the legislature, by chapter 723, amended the act of 1867 by making section 24 of that act read as follows:

" Said road when constructed shall be kept and maintained for the public use as an avenue and boulevard and no railway or tramway shall be laid or constructed thereon except by a railroad company which has been or may hereafter be duly organized under and by virtue of and in conformity with the provisions of chapter two hundred and fifty-two of the Laws of eighteen hundred and eighty-four, and which has heretofore complied or shall comply with all the provisions of said chapter in respect of the consent of owners of property and the local authorities."

The Southern Boulevard Railroad Company, organized under the said act of 1884, began those proceedings to acquire the right to lay and operate its road upon the said boulevard. Commissioners were appointed, who made simply a nominal award; apparently having based their award upon the provisions of section 24, as amended in 1887, and not as originally enacted.

From this award the appellants, who were owners of property taken for the opening of the boulevard, appeal; and the question presented seems to be, whether the legislature, after having author ized the taking for public use of property upon certain conditions, can abolish those conditions and treat the property as though, in the first proceeding, no conditions whatever had been attached to its condemnation.

We think that this cannot be done. The provisions for the protection of the owners of property taken or assessed for the opening of the boulevard constituted a contract between such owners and the people of the State of New York which the legislature had no power by its subsequent action to impair.

Undoubtedly the awards made as compensation for the property taken were affected by the provisions contained in the act of 1867,

whereby, in case (as had frequently been done) the street was to be prostituted to the uses of a private corporation, the owners should receive full indemnification for the taking of their property as though the proceedings for opening it as a highway had never been taken.

This was the offer which the legislature made to the owners of the property. This was the offer which they accepted, and the legislature had no power to recede from this bargain after it had been consummated by the opening of the street in accordance with the terms of the act in question.

It is urged that this construction affirms the proposition that one legislature has the power to bind a subsequent legislature by a provision which would prohibit a new inquiry into the subject-matter and new legislation, a proposition which needs but to be stated to be condemned, and which has been specially repudiated by the court in this department in reference to this very statute of 1867. (*Harlem Bridge, M. and F. R. R. Co.* v. *Southern Boulevard, etc.*, 41 Hun, 553.)

An examination of the case cited shows that it has no applicability whatever to the question involved upon this appeal. All that was intimated in that case, a point which it was not necessary to decide, was that the legislature could repeal the act of 1867. There is no question but that it could so repeal that act, and if it did so, the lands occupied by the Southern boulevard would at once revert to their owners; but the legislature has no power to repeal that part of the act whereby, as an inducement to the owners of land to permit the improvement, it covenanted for their protection. The legislature authorized the people to take the land under certain conditions and the people cannot hold the land in disregard of those conditions. Neither can this private corporation come in and claim this property in condemnation proceedings without due regard to the conditions under which it was in the first instance devoted to public use.

We think that by the terms of the act of 1867 a contract was entered into between the people of the State and the owners of this property; that after this improvement was made and paid for by the adjacent owners no railroad company should be permitted to seize upon this avenue without compensating the owners for their property so taken.

We think, therefore, under the circumstances, that the owners of this property were entitled to more than a nominal award and that they were entitled to receive the actual value of the land as though no street had ever been opened.

The order should be reversed and the proceedings sent back to the commissioners for further examination, with costs to the appellants to abide the final event.

BRADY and DANIELS, JJ., concurred.

Order reversed and proceedings sent back to the commissioners for further examination, with costs to the appellants to abide the final event.