## *In re* SOUTHERN BOULEVARD R. Co.

*(Supreme Court, General Term, First Department.* November 18, 1892.)

**CONDEMNATION PROCEEDINGS—AWARD—REVIEW.**

Under Laws 1850, c. 140, § 18, as amended by Laws 1876, c. 198, which provides that, upon an appeal from the first report of commissioners making an award, the court may in its discretion, direct a new appraisal, and that the second report shall be final and conclusive, the commissioners are the sole judges of the value of property they appraise, and the court will not disturb a second award except for such errors as would be sufficient to set aside the report of a referee of the verdict of a jury; nor will it disturb such award on account of any supposed benefits to adjoining land from the construction of a road.

Appeal from special term, New York county.

In an application by the Southern Boulevard Railroad Company for the condemnation of land for its use, its petition was granted and an award of nominal damages made by commissioners to the owners of the land. On an appeal by the owners from an order confirming such award, a second appraisal was made, and from an order affirming the second award the company appeals. Affirmed.

For former reports, see 4 N. Y. Supp. 388, 12 N. Y. Supp. 466, and 17 N. Y. Supp. 828.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Hoadly, Lauterbach & Johnson,* (*William H. Page, Jr.,* and *Edward Lauterbach,* of counsel,) for appellant. *Stimson & Williams,* (*William Pierrepont Williams,* of counsel,) for respondent.

LAWRENCE, J. When this case came before this court upon the first appeal, it was held that the legislature, having authorized the taking of the land for public use, upon certain conditions, it could not abolish those conditions, and treat the property as though no such conditions had been attached to its condemnation when first taken; that such conditions constituted the contract between the owners and the people, which the legislature had no right to abrogate. 12 N. Y. Supp. 466. The Southern boulevard was laid out under chapter 290 of the Laws of 1867, and by the twenty-fourth section of said act it was provided as follows: "Said road, when constructed, shall be kept and maintained for the public use, as an avenue or boulevard, and, except for the purpose of crossing the same, no railway or tramway shall be laid on constructed thereon, or upon any part thereof, by any persons or corporations whatsoever, without a special act of the legislature of this state for that purpose first had and obtained; and in case the legislature of this state shall, at any future time, grant to any person or corporation the right to construct any rail or tramway upon said road, or any part thereof, nothing in this act contained shall be construed to affect or cut off the rights of the several owners of lands which shall be taken for laying out the road hereby authorized to claim and recover from such person or corporation the full value of all the land taken from such owner or owners, for the road hereby authorized to be constructed, to the same extent as if no such road had ever been laid out on said lands, and without any deduction for any supposed benefit to said lands to arise from the construction of such rail or tramway. Such ownership and claim for compensation by reason thereof are to apply as well to the roads, streets, and avenues, which may have been heretofore laid out and dedicated to the public, by the owners of the lands adjacent thereto, and taken as a part of the road hereby authorized, as to lands so taken over which no roads have heretofore been laid out or opened." The act of 1867 was amended by chapter 723 of the Laws of 1887, which provided as follows: "Said road, when constructed, shall be kept and maintained for the public use as an avenue and boulevard, and no railway or tramway shall be laid or constructed thereon except by a railroad company which has been or may

hereafter be duly organized under and by virtue of, and in conformity with, the provisions of chapter two hundred and fifty-two of the Laws of Eighteen Hundred and Eighty-Four, and which has heretofore complied or shall comply with all the provisions of said chapter, in respect of the consent of owners of property and the local authorities." The Southern Boulevard Railroad Company was organized under the provisions of chapter 252 of the Laws of 1884, above referred to, and the commissioners in the first instance made only a nominal award to the Spoffords, whose property had been taken for the Southern boulevard, under the provisions of the act of 1867. As above stated, the order confirming that report was reversed upon appeal, and the proceedings were sent back to the commissioners for further examination. See 12 N. Y. Supp. 466. The commissioners have now awarded to the Spoffords the sum of $6,000, and, from the order of the special term adjusting the difference between the two reports, and directing the payment of such difference, amounting to the sum of $5,999.94, this appeal is taken.

Section 18 of the general railroad act (Laws 1850, c. 140) was amended by chapter 198, Laws 1876, which provided that, upon an appeal from the first report, the court on a hearing might direct a new appraisal, before the same or new commissioners, in its discretion, and that "the second report shall be final and conclusive on all the parties interested." It was further provided that, if the amount of the compensation to be paid by the company is increased by the second report, the difference shall be a lien on the land appraised, and shall be paid by the company to the parties entitled to the same, or shall be deposited in the bank, as the court shall direct, and, if the amount is diminished, the difference shall be refunded to the company, by the party to whom the same may have been paid, and judgment therefor may be rendered by the court on the filing of the second report against the party liable to pay the same. It is contended by the respondents that the second report is final and conclusive, and that no fraud, irregularity, or mistake has been established in the proceedings of the commissioners, which within the decision in *Re Prospect Park & C. I. R. Co.*, reported in 24 Hun, 200, entitles this court to review or modify the determination of the commissioners. See, also, *In re Prospect Park & C. I. R. Co.*, 20 Hun, 184, 85 N. Y. 489.

Our examination of the record convinces us that there were no legal errors or irregularities in the proceedings of the commissioners which, within the principles laid down in the cases just cited, authorize us to review their decision. Under the provisions of the act of 1867, as has already been held by this court in this case, (12 N. Y. Supp. 466,) it was the duty of the commissioners to award to the owners of the lands embraced within the Southern boulevard, which are sought to be taken for the laying out of the petitioner's road, the full value of all the land taken from such owner or owners, to the same extent as if the boulevard had never been laid out on such lands, and without any deduction for any supposed benefit to said lands to arise from the construction of the petitioner's road. It was also determined, as above stated, that the conditions prescribed by the act of 1867 constituted a contract between the owners and the people, which the legislature had no right to abrogate.

The commissioners in this case appear to us to have proceeded in accordance with the views thus expressed, and to have allowed to the owners, the respondents in this case, that which was, in their opinion, the full value of the property or easement sought to be taken for the construction of the petitioner's road. That determination we have no right to review, inasmuch as the statute makes the commissioners the sole judges of such value, and the cases above cited hold that the only power we possess is limited to the correction of errors or mistakes, which would set aside the report of a referee or the verdict of a jury. 24 Hun, 201. There is no pretense of mistake in this case, nor is the conclusion of the commissioners, in our opinion.

liable to the criticism that a verdict of a jury assessing the amount of damage in the sum awarded by the commissioners would be set aside as excessive. We do not think that the appellant is right in the point taken, that the award is void under the constitution, because damages are awarded for more lands than were actually required for the purposes of the railway. In its petition the petitioner states that it "seeks to acquire the right to construct, maintain, and operate a double-track street surface railroad, upon the surface of the soil, through, upon, and along that portion of the Southern boulevard which formerly belonged to Paul Spofford, deceased, and which is located at or near the junction of the Hunt's Point road, with the said boulevard in the Twenty-Third ward of the city of New York, and also such switches, sidings, and turnouts as may be necessary for the convenient working of said railroad, and the exercise and enjoyment of the rights, privileges, franchises, and immunities now or hereafter to be accorded and secured to it by law." This language clearly indicates that the petitioner intended to take all that portion of the Southern boulevard formerly belonging to Paul Spofford. The petitioner asks for the whole of that which formerly belonged to Paul Spofford, and we must assume, for the purposes of this appeal, that it actually requires for the purposes of its railroad the whole of that property, or an easement in the whole of it. The cases (*In re Albany St.*, 11 Wend. 149, and *Embury* v. *Conner*, 3 N. Y. 511) cited by the appellant are not, therefore, in point, for the simple reason that it does not appear that the petitioner is authorized to take, or is desirous of taking, more property than is or will be required for the purpose of its railroad. In those cases it affirmatively appeared that the property sought to be taken, under the power of eminent domain, exceeded the amount of land which was actually required for the purposes of the street intended to be opened. We think, too, that in view of the express language of the statute, directing the manner in which the damages to be awarded to the owner are to be ascertained, it cannot be claimed that the commissioners should have made any allowance for supposed benefits to be derived by the adjoining land of Spofford from the construction of the petitioner's railroad. We are therefore of the opinion that the order of the special term should be affirmed, with costs and disbursements.

VAN BRUNT, P. J. I concur in the result. I do not concur in that portion of the opinion which intimates that the court has no power to review the award of commissioners. The court must confirm the award before it becomes effective, and the necessity of application for confirmation implies action upon the part of the court, and therefore it may refuse to confirm if justice requires it.