In the Matter of the Application of the SOUTHERN BOULEVARD RAILROAD COMPANY to Acquire the Right to Construct a Railroad, etc.

Where in proceedings under the General Railroad Act (Chap. 140, Laws of 1850, as amended) to condemn lands for railroad purposes, an award of commissioners is reversed and a new appraisal directed, and upon a second ·hearing a new award is made, the second report "is final and conclusive on all the parties interested (§ 18 of said act, as amended by chap. 198, Laws of 1876), and no appeal lies to this court from an order of General Term affirming an order of Special Term confirming the second report.

(Argued February 27, 1894; decided March 20, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 18, 1892, which affirmed an order of Special Term directing the Southern Boulevard Railroad Company to pay the trustees of the estate of Paul Spofford, deceased, an award for property condemned.

The facts, so far as material, are stated in the opinion.

*George Hoadly* for appellant. The order is appealable, and the constitutionality of the act of 1887 is reviewable by this court. (Code Civ. Pro. §§ 1324, 1337; *In re P. P. & C. I. R. R. Co.*, 85 N. Y. 496; *In re N. Y., L. E. & W. R. R. Co.*, 98 id. 447; *In re N. Y. & H. R. R. Co.*, 93 id. 121.) The failure of the courts below and of the commissioners of appraisal to recognize the act of 1887 as constitutional was fundamental error. (*Craig* v. *R., etc., R. R. Co.*, 39 N. Y. 404; *Louisiana* v. *Mayor, etc.*, 109 U. S. 285; *Chase* v. *Curtis*, 11 id. 452; Sedgwick on Stat. Const. [2d ed.] 594; *Dartmouth College* v. *Woodward*, 4 Wheat. 518; *Fletcher* v. *Peck*, 6 Cranch, 87; *F. Bank* v. *Hale*, 59 N. Y. 53, 59; *Voorhees* v. *U. S. Bank*, 10 Pet. 449, 471; *Freeland* v. *Williams*, 131 U. S. 405; *People* v. *French*, 10 Abb. [N. C.]

419.) The contract which the General Term evolved from the act of 1867 is one which the legislature had no power to make. (*In re T. F. S. R. R. Co.*, 102 N. Y. 346; Lewis on Em. Domain, § 473; *Kohl* v. *U. S.*, 91 U. S. 367; *People* v. *Kerr*, 27 N. Y. 211.) If it be held that the provisions of the statute of 1867 are, in any sense, a contract which the legislature had power to make, the contract is a limited and conditional one, dependent upon a contingency which has never arisen, and which, by reason of the amendment to the Constitution in 1875, can never arise. (*Tucker* v. *Ferguson*, 32 Wall. 527.) The order and the award sought thereby to be enforced, are absolutely void to the extent of six-sevenths of their amounts. (*In re Amsterdam*, 96 N. Y. 351; *In re N. Y. & H. R. R. Co.* v. *Kip*, 46 id. 546; *Strong* v. *City of Brooklyn*, 68 id. 1; *Embury* v. *Connor*, 3 id. 511.) The improper rejection of evidence at the hearing vitiates the award and orders appealed from. (*Sommer* v. *M. E. R. Co.*, 129 N. Y. 576; *Odell* v. *N. Y. E. R. Co.*, 130 id. 690; *In re Mayor, etc., of N. Y.*, 99 id. 569; *In re N. Y., W. S. & B. R. R. Co.*, 37 Hun, 317.)

*William Pierrepont Williams* for respondent. This appeal does not lie. (Laws of 1884, chap. 252; Laws of 1876, chap. 198; *N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276; *People* v. *Betts*, 55 id. 600; *D. & H. C. Co.*, 67 id. 209; *In re N. Y. & H. R. R. Co.*, 98 id. 19; *In re S. B. R. R. Co.*, 128 id. 93.) When the condemnation under the act of 1867 had been effected, the provision for a special measure of compensation (upon a future condemnation by a railway company) became a contract between the state and the parties whose land was made servient to the highway. (*Vandermulen* v. *Vandermulen*, 108 N. Y. 201; *Lahr* v. *M. E. R. Co.*, 104 id. 289.) The amendment to chapter 290 of the Laws of 1867 was unconstitutional and a nullity so far as it purported to change the measure of compensation established by that act. (Const. U. S. art. 1, § 10; Laws of 1887, chap. 723; *Stephens* v. *Marshall*, 3 Chand. 229; *In re Canal Street*, 12

N. Y. 412; *In re Broadway*, 49 id. 154.) It is claimed that the easement taken affected only so much of the property as would support a double track. But by the petition and order the appellant acquired the right to use *any part* of the boulevard for that purpose, and to shift its track at will. Thus, no part of the property was free from the easement or (assuming that the highway was non-existent) would have been useful or marketable. The real estate expert and the commissioners, therefore, properly considered that the whole beneficial interest in the property was taken away. (*In re Amsterdam*, 96 N. Y. 351; *In re P. P. & C. I. R. R. Co.*, 13 Hun, 345; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 N. Y. 423; *Newman* v. *M. E. R. R. Co.*, 118 id. 618; *Somers* v. *M. E. R. R. Co.*, 129 id. 576; *Page* v. *C. R. R. Co.*, 70 Ill. 324.)

BARTLETT, J. This appeal is taken by the Southern Boulevard Railroad Company from an order of the general term of the first department affirming an order directing payment to the trustees of the estate of Paul Spofford, deceased, of the sum of $5,999.94, the difference between a first award of six cents and a second award of six thousand dollars under the General Railroad Law of 1850, providing for the acquisition of real estate by railways and the mode of fixing compensation for the same.

The Southern Boulevard Railroad Company began proceedings in January, 1890, under the General Railroad Law of 1850, to condemn the interest of certain property owners in land occupied by the Southern Boulevard in the twenty-third ward of the city of New York, in so far as the same were necessary for the purposes of said railroad. Commissioners were appointed, who, after hearing testimony, assessed the damages to be paid by the company to the property owners under chapter 723, laws of 1887, as amending laws of 1867, chapter 290, at a nominal sum of six cents. This award was reversed by the general term on the ground that the legislature had no power to repeal a part of chapter 290 of the laws

of 1867 by enacting chapter 723 of the laws of 1887 which
sought to confine the property owners to nominal rather than
substantial damages. (58 Hun, 497.) From this order of
reversal an appeal was taken to this court, which was dis-
missed on the ground it was not a final order. (128 N. Y.
93.) The matter then came on before the commissioners for
a second hearing, which resulted in an award of six thousand
dollars. An order was thereafter made at special term adjust-
ing the difference between the two awards and directing
the payment thereof. That order was affirmed at general
term, and from it this appeal is taken.

The respondents make the preliminary objection that this
appeal will not lie, for the reason that the appellant company
is proceeding under the General Railroad Law of 1850 and its
amendments, but that this proceeding having been instituted
prior to May 1st, 1890, the rights of the parties must be sought
in the act last mentioned, and, unaffected by the legislation of
1890, which did not take effect until the first day of May that
year. (Code, § 3384.) The preliminary objection thus made
is based on section 18 of chapter 140 of the laws of 1850, as
amended by laws of 1876, chapter 198, wherein it deals with
the matter of a second report or award made by the commis-
sioners. It provides as follows, viz.: "On the hearing of
such appeal" (that is, the appeal from the first report) "the
court may direct a new appraisal, before the same or new
commissioners, in its discretion; the second report shall be
final and conclusive on all the parties interested." The
respondents contend that said provision is fatal to this appeal.
The appellant, replying to this contention, insists that as to the
amount of the appraisal the second report is final and con-
clusive, but that it is at liberty to show that the property the
commissioners valued is not that for which it was bound to
pay.

The appellant also insists it is at liberty on this appeal to
examine into the constitutionality of said act of 1887; the
power of the legislature to contract with property owners
under the said act of 1867; the fact whether the award has

evidence to support it, and whether or not material evidence was rejected by the commissioners at the hearing. We are of opinion that the question raised by this preliminary objection is not an open one in this court, and that the appeal herein must be dismissed.

In the *Matter of Prospect Park and Coney Island Railroad Co.* (85 N. Y. 489) this provision of the General Railroad Act of 1850 was construed. The petitioning company sought to acquire title to land in Gravesend avenue, Long Island. An appraisal was had which resulted in a report that was confirmed at special term and reversed by the general term. A second hearing was held before the commissioners and another report was made that was confirmed by both the special and general terms and an appeal was taken to this court. Judge EARL says: "Commissioners of appraisal were appointed, and after hearing the parties they made their report, awarding to the owners each one dollar as compensation for the land taken. That report was confirmed at special term; but upon appeal to the general term of the Supreme Court, the order of confirmation was reversed, and the report was set aside and new commissioners were appointed, who were ordered to make a new appraisal * * * on the ground that they had awarded but nominal damages, when the land owners appeared from the case as then presented to be entitled to more substantial damages. A hearing was had before the new commissioners, and they made their report which again awarded to the land owners nominal damages, one dollar each for the land taken." The court, after setting forth the appeal to the special and general terms and to this court, proceeds with the consideration of the case as follows (p. 496): "This was a second report, and the amount awarded to each land owner was the same as by the first report. The order of confirmation by the special term was, therefore, entirely useless and harmless, and nugatory as well; and so the order of the general term affirming that of the special term, so far as I can perceive, served no purpose and decided nothing. The appeal to the

general term brought there no question to review. The report of the commissioners, as to the amount of damages, was of itself final and conclusive. If the land owners, in such a case, claim that there was any irregularity, fraud or mistake in the proceedings of the commissioners, or back of such proceedings, their remedy is by motion to set the award and proceedings aside, and not by appeal from the award, or the order confirming the same; and, from orders made upon such motions, appeal may be had, even to this court, if they involved substantial rights, and do not rest in discretion."

In the *Matter of the Petition of the New York and Harlem Railroad Company* (98 N. Y. 12) this same question was referred to by Judge EARL. After holding that an order of the general term reversing an order which confirmed an award in a first proceeding and directed a new appraisal, was not reviewable here for the reason it was not a final order in a special proceeding, Judge EARL says: "It is nevertheless not a final order, and if the result should be that the company will not be able to bring to this court for review the question of law upon which it appears, from the opinion of the general term, the new appraisal was ordered, it will be the fault of the law and not of this court. If, however, upon the new appraisal, the commissioners should proceed upon a fundamentally erroneous view of the law, and thus do either party injustice, the ingenuity of counsel may possibly discover some mode of correcting the error, and, if necessary, for procuring a review of the question in this court. (*In re P. P. & C. I. R. R. Co.*, 85 N. Y. 489, 496.)" (See generally on this subject *N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276; *People ex rel.* v. *Betts*, 55 id. 600; *In Matter of D. & H. C. Co.*, 69 id. 209; *In Matter of Metropolitan El. Ry. Co.*, 128 id. 600.) *In Matter of N. Y., L. & W. Ry. Co.* (1 Silvernail, 91), Judge RAPALLO, writing as late as 1886, says, in deciding a point not involved in case at bar: "Aside from other answers to this argument of the respondent, a sufficient one is that although, under the statute, the petitioners could not by appeal obtain a review, on the merits, of a second award, yet it would be

within the power of a court of equity to set aside any excessive award obtained by fraud or the misconduct of the commissioners, or for any cause which would justify setting aside an award of arbitrators; and in a proceeding like this the same relief could be obtained on motion." We, therefore, hold that no appeal lies from the order of the general term, affirming the order of the special term, directing the payment of the difference between the first and second awards.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.