In the Matter of the Application of THE BOARD OF PUBLIC WORKS OF THE CITY OF WATERTOWN to take Lands for the Extension of Clay Street.

By the act of 1891 (Chap. 180, Laws of 1891), establishing a board of public works in the city of Watertown, all the powers conferred upon the common council by the city charter (Chap. 714, Laws of 1869, as amended by chap. 162, Laws of 1886), in relation to the opening of new streets, were transferred to and conferred upon that board.

Accordingly *held,* that proceedings for the opening of a new street were properly instituted by said board instead of by the common council as provided by the charter; and that an order of court confirming the report of commissioners appointed in such proceedings was as prescribed by the charter (§ 7, tit. 7) final and conclusive, and shut out all objections save those involving the question of jurisdiction.

Reported below, 67 Hun, 190.

(Argued December 20, 1894; decided January 15, 1895.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made February 7, 1893, which affirmed an order of Special Term confirming the report of commissioners appointed upon the application of the board of public works of the city of Watertown to assess and ascertain damages for extending and opening Clay street in said city, and also from an order of the County Court of Jefferson county appointing such commissioners.

It was claimed on this appeal that under the charter the power to open streets and to take lands for that purpose is vested solely in the common council, and that the proceedings were void for want of jurisdiction.

The provisions of the statutes and facts, so far as material, are stated in the opinion.

*E. C. Emerson* for appellant. This proceeding being one in derogation of common-law rights, in which by proceedings *in invitum* it is sought to take the property of one citizen and charge the expenses of same on others, it must be strictly construed, and there is no presumption of jurisdiction. The

authority must be clearly and specially given by the legislature, and it can only be exercised in the mode prescribed. (2 Dillon on Mun. Corp. §§ 763, 769; *In re A. Church*, 66 N. Y. 395; *City of Watertown* v. *Fairbanks*, 65 id. 589; *Kerber* v. *City of Utica*, 7 Abb. [N. C.] 414.) By the charter the common council is clothed with powers of a two-fold character. It is not made commissioners of highways, but is authorized to perform the duties of commissioners of highways of towns. (Laws 1886, chap. 162, § 1.) This power relates only to the general supervision of streets. (2 N. Y. R. S. [8th ed.] 1347, § 1; Id. 1372, § 57; *People* v. *Goodwin*, 5 N. Y. 571, 572; *Clark* v. *Phelps*, 4 Cow. 190; *Ex parte Clapper*, 3 Hill, 460; Laws of 1886, chap. 162, § 1.) The power conferred as commissioners of highways is solely ministerial and does not include the power to open streets without the oath of freeholders or order of the court. (Laws of 1886, chap. 162, §§ 1, 7; Laws of 1891, chap. 180, §§ 1, 3.) Commissioners of highways have no power to maintain these proceedings, and as commissioners possess no such power, the common council acting as such commissioners do not, as the only effect of the charter (Laws 1886, chap. 162, § 1) was to clothe the common council with the rights to perform the duties of commissioners of highways of towns, and certain additional powers as common council. (*Lansing* v. *Caswell*, 4 Paige, 579.) The actual designation or description of lands is essential to the validity of every assessment. (Laws of 1886, chap. 162, § 7; 90 N. Y. 342; *Marvin* v. *Town*, 56 Hun, 510–513; *Jackson* v. *Healey*, 20 Johns. 495; *In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342; *Zink* v. *McManus*, 121 id. 259; 2 id. 66.) If the court should be of the opinion that under the statute it has power to review the assessment upon the merits, then it is submitted that the action of the commissioners cannot be upheld, for the following further reasons : The commissioners were required by statute to assess and apportion the damages on the real estate and against the persons benefited, as nearly as may be in proportion to the benefits resulting therefrom. (Laws of 1886, chap. 162, § 7; *People* v. *City of Syracuse*,

2 Hun, 434; *People* v. *Mayor*, 63 N. Y. 291, 299; *T. & B. R. R. Co.* v. *Lee*, 13 Barb. 159; *In re R. R. Co.*, 56 Barb. 456; *Elwood* v. *City of Rochester*, 43 Hun, 106; *Clark* v. *Village of Dunkirk*, 12 id. 182, 189; *People* v. *Jeff. Co. Court*, 55 N. Y. 604; *Voight* v. *City of Buffalo*, 37 N. Y. S. R. 471; *In re Comrs. Central Park*, 54 How. Pr. 313, 318.) The assessment as made was unfair and unjust. (67 N. Y. 529; 85 id. 307.) The affidavits were properly before the Special Term. (*In re Mayor, etc.*, 34 Hun, 450.) The decision of the Special Term in this proceeding is properly reviewable by an appeal. (Code Civ. Pro. §§ 1356, 2120, 2121, 3333, 3334; *R. & S. R. R. Co.* v. *Davis*, 42 N. Y. 137, 147; *In re Mayor, etc.*, 27 N. Y. S. R. 188; *In re W. W. Works*, 16 Hun, 57, 59; *In re City of Buffalo*, 17 N. Y. S. R. 371; *In re N. Y., W. S. & B. R. R. Co.*, 33 Hun, 231; *In re Ryers*, 72 N. Y. 1; *In re S. B. R. R. Co.*, 128 id. 93; *In re Bradley*, 69 id. 216; *In re Ryers*, 72 id. 1, 4; *In re Kingsbridge Road*, 4 Hun, 599, 602; 62 N. Y. 645; *In re Swan*, 97 id. 492.)

*Watson M. Rogers* for respondent. The order of the General Term is not appealable to this court. (Laws of 1886, chap. 162; *In re Com., etc.*, 50 N. Y. 493; *People ex rel.* v. *Betts*, 55 id. 600; *In re P. P. & C. I. R. R. Co.*, 85 id. 489; *In re Board of St. Opening*, 111 id. 583; *In re S. B. R. Co.*, 141 id. 532; *Reese* v. *Smith*, 95 id. 645; *Potter* v. *Van Vranken*, 36 id. 619.) Upon the merits the order is right. (*Reese* v. *Smith*, 95 N. Y. 649; Laws of 1869, chap. 714; *People* v. *Lacombe*, 99 N. Y. 43.) The court below could only consider the evidence taken by and the report of the commissioners. *Ex parte* affidavits subsequently made, not served nor used as the basis of an affirmative motion, cannot be received to invalidate or impair their decision. (*In re R. & O. R. R. Co.*, 38 How. Pr. 187; *In re Kingsbridge Road*, 5 Hun, 146; Laws of 1887, § 7, chap. 162.) The commissioners had jurisdiction to inquire — exercise judgment — and extend the assessment to any property within the city limits

that they might deem to be benefited. (*In re Amsterdam,* 126 N. Y. 158; *Perkins* v. *State,* 113 id. 660; *People ex rel.* v. *Hicks,* 105 id. 198; *R. & G. R. R. Co.* v. *Beckwith,* 10 How. Pr. 168; *In re N. Y. & W. S. R. R. Co.,* 33 Hun, 293.)

FINCH, J.   Whether this order was void for want of juris-diction in the court to grant it is the main and principal ques-tion argued by the appellants.   The charter of the city of Watertown, as amended, (Laws of 1886, chap. 162), provides, among other things, for the opening of new streets and the taking of lands for the same, and vests authority and power for that purpose in the common council.   (§§ 7 and 8.)   Upon the application of that body commissioners are appointed to take the necessary lands and assess the damages, whose report, after confirmation by the Special Term, is made final and con-clusive.   If this had been a proceeding under the statute referred to by the common council to open the new streets we should regard the order of the commissioners which has been confirmed as beyond our review upon a direct appeal there-from.   (*In re Prospect Park & Coney I. R. R.,* 85 N. Y. 489; *In re Southern Boulevard R. R. Co.,* 141 id. 532.) But the proceeding originated, not from the action of the common council or the exercise of their authority.   They were superseded, to some extent at least, by the board of pub-lic works created by new and later legislation.   (Laws of 1891, chap. 180.)   That board instituted this proceeding and has conducted it upon the assumption that all the powers and all the regulations of the charter relative to the opening of new streets were duly and completely transferred to it.   If that be true, then it may avail itself of all the provisions of section seven, among which is the enactment making the con-firmed order of the commissioners final.   But the claim here is that none of those provisions regulating procedure and adjudging its finality apply at all to the board of public works so far as opening new streets is concerned, and that to rest upon the statutory conclusiveness of the order begs the very

question raised. I am not altogether sure that the claim is well founded, but, admitting its force for present purposes, it will still follow that the order was valid, because the provisions of the charter do apply to the board of public works in opening as well as improving streets.

The necessary power was conferred upon the common council by language often used for that purpose. To such body was given the authority of commissioners of highways of towns, "with the exceptions and modifications" thereinafter prescribed. One of those modifications was a distinct enlargement of the authority conferred by including within it power to lay out and open streets. The common council were made town commissioners, but with an enlarged authority. The act of 1891, (§ 9), organizing the board of public works, prescribes that the board "shall have all the powers and discharge all the duties of commissioners of highways of towns *as given by* and *with* the exceptions and *modifications*" contained in the amended charter. The effect is that the enlarged authority of the common council is, by the same description and an identical phraseology, transferred to and conferred upon the board of public works. The intention to make such a substitution as to the general control of city streets is manifest from the single exception stated, by way of precaution, that the broad terms of the transfer should not divest the common council of its authority to dictate the conditions upon which railroads should be permitted to pass through the city streets. It further appears in the clause which gives to the board exclusive control of the construction, improvement, repair and cleaning of streets. Construction is a broad term authorizing the making of new streets; improvement permits new work upon streets already constructed; and repair relates to the restoration of an existing condition. The four terms used cover the whole subject, from the making of the new street to its final and ordinary maintenance. The general scope of the act is entirely consistent with the view that the whole authority over the construction and care of streets given to the common council was intended to be transferred to the

board of · public works.   It follows that the order was valid, and there was jurisdiction to grant it.   The provisions of section seven, which make the confirmation final and conclusive, are, therefore, applicable so far as to shut out the further objections which do not involve the question of jurisdiction.

The order should be affirmed, with costs.

All concur, except O'BRIEN and HAIGHT, JJ., not sitting.

Order affirmed.